UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-7998 RDR/KGS |
| | ) |
| LAWRENCE MEMORIAL HOSPITAL ENDOWMENT ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant, Lawrence Memorial Hospital Endowment Association ("LMHEA"), by and through its attorneys, respectfully submits this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Defendant's Motion for a More Definite Statement. By its Motion, LMHEA requests that this Court dismiss Plaintiff Hawk Technology Systems, LLC's Complaint under Federal Rule of Civil Procedure 12(b)(6). In the alternative, LMHEA requests that this Court require Plaintiff to provide a more definite statement regarding its claims under Federal Rule of Civil Procedure Rule 12(e).

## I.     PROCEDURAL BACKGROUND

On May 11, 2015, Plaintiff Hawk Technology Systems, LLC ("Hawk Technology") filed the present action for patent infringement, alleging that LMHEA infringes U.S. Pat. No. RE43,462. (*See* Doc. 1)  LMHEA was served on May 15, 2015. Accordingly, LMHEA's deadline to file its responsive pleading is June 5, 2015, and its current motion is timely.

## II.    STANDARD OF REVIEW

"A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Federal Rule of Civil Procedure 8(a).

23983719v1

Notice pleading under Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citation omitted). If the pleadings do not provide "enough facts to state a claim to relief that is plausible on its face," then the claim "must be dismissed." *Id.* at 570. Dismissal of an insufficiently plead claim may be obtained under Federal Rule of Civil Procedure 12(b)(6). *See id.* at 555.

While LMHEA believes dismissal is proper, alternatively, this Court may require a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Federal Rule of Civil Procedure 12(e). A motion for more definite statement is proper when a party is unable to determine issues he must meet, *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D.Ariz.1989), or where there is a major ambiguity or omission in the complaint that renders it unanswerable. *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D.Mich.1988).

**III.    ARGUMENT**

    **A.    Hawk Technology's claims must be dismissed under Fed. R. Civ. P. 12(b)(6), or required to be supplemented under Fed. R. Civ. P. 12(e).**

Count I of Hawk Technology's Complaint alleges that LMHEA "infringed Claim 12 of the '462 Patent or one or more of Claim 12's dependent claims at the Hospital." Doc. 1, Complaint at ¶ 21. But Hawk Technology has not provided <u>any</u> supporting facts, much less enough factual allegations to state a claim to relief that is plausible on its face. Indeed, from the entire Complaint, Plaintiff's theory is unintelligible and it is impossible to ascertain what product or activity is alleged to infringe.

2

There is no more information in the Complaint at hand than in other pleadings that have previously been declared insufficient under *Twombly*. For example, another district court in the Tenth Circuit granted a similar motion to dismiss because "[t]he complaint contain[ed] no identifying information such as the name or model number of the allegedly infringing device." *Catheter Connections, Inc. v. Ivera Medical Corp.*, 2012 WL 4341743 at *1 (D. Utah Sept. 21, 2012). Courts in other circuits similarly dismiss such insufficient pleadings. *See, e.g., Macronix Intern. Co., Ltd. v. Spansion Inc.*, 4 F.Supp.3d 797 (E.D. Va. 2014). Because Hawk Technology's claim fails to meet the requirements of *Twombly*, it must be either struck or supplemented. *See Twombly*; Fed. R. Civ. P. 12(e).

To the extent that Hawk Technology argues that *Twombly* does not apply or that Fed. R. Civ. P. Form 18 is controlling, the facts of this case render that argument moot; even focusing on Form 18, the instant Complaint here is deficient. As with *Twombly*, Form 18 requires a plaintiff to identify the product or activity that a defendant is alleged to have infringed upon. *See* Form 18 at ¶ 2. That has not been done in this case. Doc. 1.

Finally, Hawk Technology's assertion that "one or more of Claim 12's dependent claims" may be infringed without independent Claim 12 being infringed[1] has no basis in law. *See Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005) (dependent patent claim cannot be infringed when independent claim from which it depends is not infringed). Thus, it appears that Hawk Technology may not have performed a pre-filing "inquiry reasonable under the circumstances" as required by Federal Rule of Civil Procedure 11. Regardless, immediate dismissal of Plaintiff's Complaint for failure to state a claim is appropriate.

---

[1] *See* Count I of Complaint at pp. 4-5 ("infringed Claim 12 of the '462 Patent *or* one or more of Claim 12's dependent claims") (emphasis added).

At a minimum, pursuant to Federal Rule of Civil Procedure 12(e), this Court should order Plaintiff to provide a more definite statement. LMHEA is currently unable to determine the issues it must meet, and given the major ambiguities from Plaintiff's Complaint, the pleading is unanswerable.

## IV. CONCLUSION

Because the Complaint fails to state a claim by satisfying the requirements of *Twombly* or Form 18, dismissal under Rule 12(b)(6) is warranted. Should that relief not be granted this Court should require Hawk Technology to provide a more definite statement regarding Hawk Technology's claims under Rule 12(e) and such other relief as the Court deems just and proper.

LATHROP & GAGE LLP

By:   s/ David R. Frye
David R. Frye     KS #18133
2345 Grand Blvd., Ste. 2200
Kansas City, MO 64108-2618
Telephone: (816) 292-2000
Telecopier: (816) 292-2001
dfrye@lathropgage.com

and

Justin Poplin     KS #21598
10851 Mastin Blvd.
Building 82, Ste. 1000
Overland Park, KS 66210-1669
Telephone: (913) 451-5100
Telecopier: (913) 451-0875
jpoplin@lathropgage.com

ATTORNEYS FOR DEFENDANT LAWRENCE MEMORIAL HOSPITAL ENDOWMENT ASSOCIATION

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of June, 2015 the above and foregoing *Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Defendant's Motion for a More Definite Statement* was filed via CM-ECF which will automatically serve a copy upon the following counsel of record:

Michael M. Tamburini
LEVY CRAIG LAW FIRM
1301 Oak St.
Kansas City, MO  64106
Telephone:     (816) 474-8181
Facsimile:      (816) 382-6618
mtamburini@levycraig.com

ATTORNEYS FOR PLAINTIFF HAWK
TECHNOLOGY SYSTEMS, LLC

                                                       s/ David R. Frye
                                                       An Attorney For Defendant

23983719v1